UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

July 20, 2020

LETTER TO COUNSEL

RE:  *Alison S. v. Saul*
     Civil No. DLB-19-1000

Dear Counsel:

On April 3, 2019, Plaintiff Alison S. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's response. ECF Nos. 17 ("Pl.'s Mot."), 21 ("Def.'s Mot."), 22 ("Pl.'s Resp."). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed her claim for benefits on July 24, 2015, alleging a disability onset date of January 1, 2012. Administrative Transcript ("Tr.") 173. Her claim was denied initially and on reconsideration. Tr. 97-100, 102-10. A hearing was held on September 13, 2017, before an Administrative Law Judge ("ALJ"). Tr. 23-54. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 82-90. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "history of ventricular septal defect and subsequent repair with later palpitations tachycardia leading to ablation and defibrillator implantation." Tr. 84. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can engage in lifting and carrying 10 pounds occasionally and less than 10 pounds frequently; standing and walking for 2 hours in an 8 hour day; and sitting for 6 hours in an 8 hour day. She can perform work that frequently requires balancing, kneeling, crouching, and crawling, and occasional stooping and climbing (except never requires the use of ladders, ropes, and scaffolds). She can perform jobs that

>  allow frequent exposure to irritants such as fumes, odors, dust, gases, and poorly ventilated areas. She needs to avoid all hazards.

Tr. 86. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work as a receptionist, and in the alternative, could perform other jobs existing in significant numbers in the national economy. Tr. 89-90. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 90.

Plaintiff raises one argument on appeal: that the ALJ's failure to evaluate her mental impairments is error and that remand is warranted. Pl.'s Mot. 9-14. I agree. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Plaintiff argues that she alleged disability in part due to depression and anxiety and that the ALJ, therefore, should have performed the special technique under 20 C.F.R. § 404.1520a. "The special-technique regulation affects how an ALJ evaluates and documents his process at steps 1 through 4 if the claimant alleges a mental impairment." *Patterson v. Comm'r, Soc. Sec. Admin.,* 846 F.3d 656, 659 (4th Cir. 2017) (citing 20 C.F.R. § 404.1520a). The first step under the special technique is evaluating whether the claimant has a medically determinable mental impairment. 20 C.F.R. § 404.1520a(b); *see also* 20 C.F.R. § 404.1520a(a)(1) (explaining that the technique helps the SSA "[i]dentify the need for additional evidence to determine impairment severity"). The ALJ is then required to assign a rating to four broad functional areas – understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself – based on the extent to which the claimant's impairment "interferes with [her] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(b)-(c). "The regulation specifically provides that the ALJ must document <u>all</u> of the special technique's steps." *Patterson*, 846 F.3d at 659 (citing 20 C.F.R. § 404.1520a(e)(4)) (emphasis in original).

Here, at step two, the ALJ focused exclusively on Plaintiff's allegations of physical impairments when determining whether she had medically determinable impairments and whether those impairments were severe. *See* Tr. 84-85. The ALJ was on notice that Plaintiff alleged mental impairments, Pl.'s Mot. 9-10; *see* Tr. 70-72, 102, 107, but he did not evaluate her alleged mental impairments using the special technique. In the RFC assessment, the ALJ noted Plaintiff's reports of "poor concentration," "poor memory," ability to "pay attention for 5-20+ minutes," and "difficulty sleeping," but did not acknowledge her allegations of depression and anxiety. Tr. 87.

The Commissioner does not dispute that Plaintiff alleged mental impairments. Rather, he argues that Plaintiff has not identified evidence in the record that supports a finding that she had a severe mental impairment or that shows a diagnosis of a mental impairment. Def.'s Mot. 5-7. The Commissioner further asserts that "the ALJ did not find, and the evidence did not support a finding, that Plaintiff suffered from a medically determinable mental impairment." *Id.* at 7-8. These arguments miss the point.

Plaintiff's argument is that "the ALJ was on notice of [her] alleged mental impairments" and should have evaluated them with the special technique but failed to do so entirely. Pl.'s Mot. 13 (citing *Kawani L. v. Comm'r. Soc. Sec.*, Civil No. BPG-18-2420, at *7-8 (D. Md. Nov. 6, 2019)). This failure constitutes reversible legal error. Under the special technique regulations, the ALJ is required to document his consideration of a claimant's mental impairments throughout the decision, whether severe or nonsevere. *See Patterson*, 846 F.3d at 659; *see also* 20 C.F.R. § 404.1545(a)(2) (When determining RFC, an ALJ "will consider all of [a claimant's] medically determinable impairments of which [the ALJ is] aware, including [the claimant's] medically determinable impairments that are not 'severe[.]'"). The ALJ did not do that here.

The Commissioner's argument that the ALJ was not required to perform the special technique because he found that Plaintiff's depression and anxiety were not medically determinable impairments, Def.'s Mot. 7-8, fails because the ALJ did not document any such finding or evaluation of Plaintiff's mental impairments. The Commissioner also points to the State agency consultants' opinions that Plaintiff did not have a severe medically determinable mental impairment. *Id.* at 6 (citing Tr. 58-59, 70-71). That may be an accurate report of certain record evidence, but the ALJ did not discuss or assign weight to those opinions. *See* Tr. 88 (discussing the opinions of the "State agency physical consultant[s]"). The Court, therefore, is unable to review any consideration of the opinions or assignment of weight.

Plaintiff points out that the record contains several treatment records noting "depression," "anger," "nervousness," and "anxiety."[1] Pl.'s Mot. 10; *see, e.g.*, Tr. 413, 416, 418, 429, 440, 614. The Commissioner argues that these treatment records are from a short period of time and do not contain any diagnoses. Def.'s Mot. 7. Again, the ALJ offered no explanation for disregarding Plaintiff's mental impairments and the Court cannot substitute its own analysis on review. Moreover, a diagnosis is not required to establish a medically determinable impairment under the regulations. *See* 20 C.F.R. § 404.1521 ("We will not use . . . a diagnosis . . . to establish the existence of an impairment(s)."). The regulations require "objective medical evidence from an acceptable medical source." *Id.*

Finally, the Commissioner argues that the ALJ's notations of mental symptoms in the RFC discussion show that he adequately considered Plaintiff's allegations of mental impairments. Def.'s Mot. 5 ("the ALJ specifically noted Plaintiff's allegations of depression and anxiety"). On the contrary, the ALJ did not acknowledge Plaintiff's allegations of depression and anxiety anywhere in the decision. Although the ALJ noted Plaintiff's allegations of poor concentration and memory, he did not make any findings related to those symptoms.

For these reasons, Plaintiff's Motion for Summary Judgment, ECF No. 17, is DENIED, and Defendant's Motion for Summary Judgment, ECF No. 21, is DENIED. Pursuant to sentence

---

[1] After the ALJ issued his decision, Plaintiff's treating physician, Dr. Steven Geller, submitted a medical opinion that noted Plaintiff's physical impairments resulted in depression and impaired concentration. Tr. 18.

*Alison S. v. Saul*
Civil No. 19-1000-DLB
July 20, 2020
Page 4

four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.

      Despite the informal nature of this letter, it should be flagged as an opinion.  A separate order follows.

                          Sincerely yours,

                          /s/

                          Deborah L. Boardman
                          United States Magistrate Judge